GEORGE BENNETT, d. b. app't. *vs.* LEWES CHAMBERLAIN, p. b. respondent

*A husband is not liable for jewelry and ornaments sold his wife, without his authority; but such authority may be implied from circumstances.*

THIS was an appeal from the judgment of a justice of the peace, in an action of assumpsit, for the price of a gold watch, rings and other jewelry, sold defendant's *wife.* The defence was, that they were bought without the husband's authority.

*The Court* charged—1. That the case depended upon the question whether the wife had her husband's express or implied authority to purchase the articles sold to her and charged to him.

Authority of the husband may be implied for the purchase of necessary provisions of the family, without further proof than that they are bought for the family; but with regard to articles of dress or ornament for the wife, the authority of the husband cannot be implied, except for such articles as are suitable to her condition, and his ability to pay. In such cases, and even in cases of doubtful propriety, if the articles are brought into the family with the husband's knowledge, and not returned, he will be chargeable. The inquiry was then, whether the watch and jewelry were suitable to the condition of the husband; did she wear and use them with his knowledge—if she did, and the articles were not out of proportion to his means, the jury might infer the wife's authority to take up such goods on his credit.

Verdict for plaintiff.

*Lofland,* for plaintiff.
*Cullen,* for defendant.